IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROSE MORRISON, Executrix of the
Estate of DWIGHT R. MORRISON,

     Plaintiff,

v.             CIVIL ACTION NO. 3:10-0039

SULZER METCO (US), INC., and
JACOB KOLOJACO,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the Plaintiff's Motion to Remand (Doc. 5). For reasons explained below, the Court **DENIES** the motion. If Plaintiff wishes to challenge the factual basis upon which jurisdiction rests she should notify the Court of her intent to do so within **14 days** of the receipt of this Order.

**Background**

This case arises from the death of Plaintiff's decedent, Dwight Morrison. While working at Defendant Sulzer Metco's ("Sulzer's") plant in Barboursville, West Virginia, Mr. Morrison was pulled into a lathe and killed. Plaintiff filed her Complaint in the Circuit Court of Cabell County, West Virginia, on December 17, 2009. The Complaint named as Defendants both Sulzer and Jacob Kolojaco. The Complaint was served on these Defendants on or about December 29, 2009.

On January 7, 2010, Defendants filed their Answer to the Complaint. In that original Answer, Defendants admitted that Kolojaco was a resident of West Virginia. Shortly thereafter, however, counsel came to believe that Mr. Kolojaco is actually a resident of Texas and lives in West Virginia only temporarily as the manager of Sulzer's Barboursville plant. Defendant's amended

their Answer on January 13, 2010 – and now deny that Mr. Kolojaco is a resident of West Virginia and assert that he is a resident of Texas. Defendants filed a notice of removal to this Court on the same day.

In her motion to remand, Plaintiff argues that Defendants have waived their right to removal by admitting to Mr. Kolojaco's West Virginia residency in their original Answer and thus evincing a clear intent to remain in state court. Defendants argue that the original Answer should not be considered an admission as it is now supplanted by an Amended Answer and that the filing of their original Answer did not evince a clear intent to remain in state court.

## Analysis

Pursuant to 28 U.S.C. § 1446(b),

> The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, of a copy of the initial pleading . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which has become removable.

Because this rule establishes a definitive time-frame for removal (which did not exist prior to its passage) waiver of a right to remove during the allowed thirty-day period is limited and will only be construed in "extreme situations." *Grubb v. Donegal Mutual Ins. Co.,* 935 F.2d 57, 59 (4th Cir. 1991). A defendant only gives up the right to remove within the thirty-day window if it demonstrates a "clear and unequivocal" intent to remain in state court. *Id.*

Here, Defendants filed a notice of removal within the allowable thirty-day period, whether that period is measured from the date of the Complaint or the time when they came to believe the Mr. Kolojaco was a Texas resident. Although they initially admitted, in the original Answer, that Mr. Kolojaco was a West Virginia resident, they quickly filed an Amended Answer and now deny this factual allegation. Because of the amendment, the original Answer cannot be taken as an admission. *Young v. City of Mount Rainer*, 238 F.3d 567 (4th Cir. 2001) ("an amended pleading ordinarily supersedes the original and renders it of no legal effect") (citing 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d Ed. 1990); *see also*, Franklin D. Cleckley et. al., Litigation Handbook on West Virginia Rules of Civil Procedure 409 (3d ed. 2008). Neither is the admission in the first Answer evidence of clear and unequivocal intent to remain in state court. In short, the filing of an initial admission timely amended is not the kind of extreme situation justifying waiver of the right to remand within the window permitted by 28 U.S.C. 1446(b). The Court hereby **DENIES** the Plaintiff's Motion to Remand (Doc. 5).

The Court does recognize that the residency of Mr. Kolojaco is a fact upon which federal jurisdiction hinges. The denial of Plaintiff's motion, therefore, is without prejudice. Should Plaintiff wish to challenge this factual basis of jurisdiction, she should notify the Court within **14 days** of the receipt of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    June 15, 2010

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE